## MOUNTAIN *vs.* ROWLAND & ANSLEY.

Where a plaintiff dismisses his action during vacation, under the Act of 1848, and the Clerk neglects to make entry of the fact, the omission may be cured at the next term of the Court, by a *nunc pro tunc* entry.

Complaint, in Sumter Superior Court. Tried before Judge ALLEN, at April Term, 1860.

This action was brought by Rowland and Ansley, the defendants in error, against Miles Mountain, to recover the amount claimed to be due on an account.

In the progress of the trial, the defendant offered to prove by the attorney of the plaintiff in the action, that a suit for the same cause of action had been commenced prior to the present suit, and was still pending between the same parties. The competency of the witness was objected to, and sustained by the Court, on the ground that all he knew of the matter came to his knowledge as plaintiff's counsel.

Defendant then put in evidence an order, which appeared of record, which stated the case between said parties, and dismissed the same at April Term, 1860.

Plaintiffs then introduced A. J. Ronaldson, Clerk of said Court, to prove that the suit to which the order—put in evidence by defendant—related, was dismissed in vacation prior to the commencement of the present suit; and that he forgot to make the entry. To which defendant objected—there being no entry on the Bench docket, or on the minutes of the

Mountain vs. Rowland & Ansley.

Court, showing such dismissal by the Clerk, but both cases stood open unstricken on said docket at April Term, 1860.

The Court overruled the objection and admitted the evidence ; and an order was then passed reciting the facts and requiring the former order to be entered on the minutes of the Court *nunc pro tunc*. To which defendant excepted.

WORRILL & HAWKINS, for plaintiff in error.

A. R. BROWN, *contra*.

*By the Court.*—LUMPKIN, J., delivering the opinion.

By the Act of 1843, (*Cobb's Digest*, 475) plaintiffs are authorized to dismiss their actions during the vacation of the Superior, Inferior, and other Courts, on the same terms they are now authorized to dismiss actions at the regular terms of said Courts :. " *Provided*, That such dismissal shall be first entered on the docket by the Clerk of the Court in which said suit may be pending during the vacation of said Court."

It is not denied but that all was done which the law requires to be done by the plaintiff in this case, but the Clerk, as he states, omitted to make the entry in his office as required by the statute. We think the Court was right in allowing the entry to be made *nunc pro tunc*.